IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ERIC WARE (R-32516),

      V.    PLAINTIFF

GUY PIERCE-DEPUTY DIRECTO,
NEDRA CHANDLER,
NEAL, and
ROGER E. WALKER, Jr.,

      DEFENDANTS

FILED
APR 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 50064

JUDGE KAPALA

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

    The Plaintiff currently resides at the Dixon Correctional Center. The Defendants have created a policy which permeates across the prisons of the state of Illinois, in many of its institutions. At Dixon Correctional Center, theres a policy that allows only the inmates who have funding on their books to copy case law from law books and at this juncture the Plaintiff is indigent. The Defendants have told Plaintiff that he can sit in the law library and read cases instead of copies. This policy reprieves him from initiating his claims in the courts. The Defendants also have a policy which allows them to confiscate Plaintiff's legal documents which have other offender's names on it, whether they are filed with the court or not. The Defendants are not attorneys or trained paralegals and decide what exhibits Plaintiff may have copied or presented to the courts. These deprivations violates Plaintiff's access to the courts.

### APPLICABLE LAW FOR PRELIMINARY INJUNCTION

    The standard for obtaining a preliminary injunction is settled; the movant must show that: (1) a reasonable likelihood that he will prevail on the merits, (2) no adequate remedy exists, (3) he will suffer irreparable harm without the injunction and,

¶ SENTENCE CONTINUED ON NEXT PAGE.

(1)

¶ the irreparable harm to the Plaintiff outweighs any irreparable harm the Defendant will suffer if the court grants the injunction and (4) the injunction will not harm the public interest. GOODMAN V. ILL. DEPT. OF FINANCIAL AND PROFFESSIONAL REGULATION, 430 F.3d 437 (7th Cir. 2005). Here, without the requested injunctive relief Plaintiff would likely suffer irreparable harm for which no adequate remedy exists. The Plaintiff has several cases pending in the courts and may lose or have them dismissed if he cannot properly effectuate his claims in the courts.

The Defendants have implicated a policy which violates his rights, a liberty interest protected by the 14th Amendment's Due Process clause may arise from the constitution itself, by reason of guarantees implicit in the word liberty, or it may arise from an expectation or interest created by **state laws or policies**. WILKINSON V. AUSTIN, 125 S.ct. 2384 (2005). The Plaintiff must have adequate access to the courts in a timely manner, the 7th Cir. has held, that provisions of Federal Rules of Civil Procedure granting additional time when mail is used to effect service applies only to documents "served" on opposing counsel and not to documents such as complaints or notices of Appeal that must be filed in court, JOHNSON V. McBRIDE, 381 F.3d 587 (7th Cir. 2004).

This initially mean that if Plaintiff cannot copy cases from books in the Law Library and does not have enough time to read cases and do research, his claims in the court may be lost forever. The Defendants have created an adverse policy from the common law whereas they confiscate offenders legal material that depict names of other offenders which is public information, such as pleadings filed in the courts or that will be filed in the courts, the Supreme Court has said that sanctions cannot be imposed by the state for having public information, COX BROADCASTING CORP., 95 S.ct. at 1044.

(2)

In a similar case which occurred at the TAMMS Correctional Center in Illinois, the court said that the offender Plaintiff had a right to have documents which were public information and mail them out, ARNETT V. MARKEL, 845 N.E.2d 752 (ILL.APP. 5 DIst. 2006). The Plaintiff assists several offenders in their legal affairs, and retains their information from time to time, and the Plaintiff does not have a right to assist them, however, officials may not limit JailHouse Lawyering, or retaliate against a JailHouse Lawyer for assisting another inmate, HERRON V. HUNTLEY, 235 F.3d 410 (6th Cir. 2000).

The Defendants have no legal grounds to confiscate Plaintiff's legal material, and more importantly, Title 20 § 430.30 states in relevant part; Committed persons may assist one another in the preparation of legal documents to the extent consistent with institutional security. Committed persons may not receive compensation for such assistance. The Defendants have created rules and policies that does not make any sence at all, and a prisoner retains the right to be free from arbitrary and purposeless uses of authority, LESLIE V. DOLE, 125 S.ct. 1132 (7th cir. 1997). Inmates have began to tear pages out of legal books because they cannot afford copies, because they have no money. Prison officials must provide inmates with adequate law libraries, adequate assistance from persons trained in the law, or comparable alternative, DeMALLORY V. CULLEN, 855 F.2d 442 (7th Cir. 1988), see also, LEWIS V. CASEY, 116 S.ct. 2174 (1996). The Administrative Directives, 03.02.108(g)(1) states in relevant part; Employees shall obey all **FEDERAL, STATE, AND LOCAL LAWS** and applicable **Court decisions** and orders related to the performance of their job duties.

(3)

An injunction would not harm neither the interests of the public nor those of the Defendants. The public certainly has an interest in prisoners retaining the rights to access the courts. Any additional administartive burden borne by the Defendants, and by extension of the public, would pale in comparison to the probability of irreparable harm suffered by Plaintiff. A perusal of the Constitutional nature and seriousness of the Plaintiff's claims, the Plaintiff is sufficiently likely to prevail on the merits to allow an injunction to issue. The Plaintiff requests relief with respect to both Dixon and any other prison under the Illinois Department of Corrections.

### CONCLUSION

Accordinly, Plaintiff respectfully requests that this Court enjoin the Defendants from depriving him from accessing the courts at the Dixon Correctional center or any other institution under the jurisdiction of the Illinois Department of Corrections.

RESPECTFULLY SUBMITTED,

*[signature]*
ERIC WARE R-32516
DIXON CORR. CTR.
2600 N. Brinton Ave
DIXON, IL. 61021

(4)

STATE OF ILLINOIS)               WARE V. PIERCE et-al
                 )
LEE COUNTY       )

### AFFIDAVIT

I, Eric Ware, being first duly sworn upon oath deposes and state:

1. I have been deprived of legal service as described in my complaint.

2. I have personally spoke with one of the Defendants and have written emergency grievances to the Warden Defendant which have not been determined to be an emergency, and Defendant, Neal, refuses to alter their policy in order to allow me proper legal services.

3. I have previously grieved similar issues to the Director, Mr. Walker and he has not done anything about the situation.

4. I have at least 15 law suits pending in court and I always have multiple court deadlines and I may be subject to lose many of my cases or have them dismissed if I cannot receive a preliminary injunction.

UNDER THE PENALTIES OF PERJURY,
28 U.S.C. 1746, EVERYTHING IS
TRUE AND CORRECT TO THE BEST OF
MY ABILITY: *Eric Ware*
            3/13/08

Exhibit # 1

## CASE LAW COPY REQUEST

Today's date_____

Name_____IDOC#_____HU_____

COPY REQUEST MAY BE MADE FOR LAW MATERIALS ONLY. NO COPIES OF NEWSPAPER ARTICLES OR ENCYCLOPEDIAS, ETC. FOR ALL OTHER COPIES, CONTACT YOUR COUNSELOR.

COPIES ARE 10 CENTS PER PAGE. FRONT AND BACK COUNT AS TWO PAGES. IF YOU REQUEST MATERIAL, PURCHASE A COPY CARD AT THE COMMISSARY. **NO VOUCHERS WILL BE ACCEPTED.** WHEN COPIES HAVE BEEN REQUESTED, SIGN UP IN YOUR UNIT TO COME AND GET THEM. OTHERWISE, YOUR INMATE TRUST FUND WILL BE CHARGED BY AN IDR.

YOU MAY REQUEST UP TO **25 PAGES PER WEEK.** OBVIOUSLY, YOU MUST PRIORITIZE.

PROVIDE COMPLETE AND ACCURATE INFORMATION. COMPLETE CITES MUST BE GIVEN, OR COPIES WILL NOT BE HONORED. INDICATE IF YOU WANT THE WHOLE CASE OR JUST A SINGLE PAGE FROM THE CASE.

CASE NAME                CITATION                WHOLE CASE OR SINGLE PAGE.
_____
_____
_____
_____
_____
_____
_____

Staff use only

Total number of copies_____Cost_____

Date request received by library staff _____

Pick up and pay date_____

*Exhibit # 2*

# LEGAL DOCUMENT COPY REQUEST
## YOU MUST FILL OUT FORM COMPLETELY

Name_____IDOC#_____HU____Cell____

Notary needed_____Yes _____No   Assignment_____

Hours you work_____   Days off_____

Document to be copied_____
(i.e. Brief, Post Conviction, Exhibits, etc.)

Have you verified a deadline with library staff?_____If not, do so right away.

If so, when is your deadline? _____

How many pages total do you have that need to be copied?_____

How many times do you need it copied?_____

This information is required to properly schedule you for copies. The information must be accurate to avoid possible delays in processing your request.

Within 7 days of receipt of your request, you will be scheduled for copies. If you have any activity in court, you will need copies, so purchase a copy card. Copies are 10 cents per page. Be sure to submit your request far enough in advance for library staff to schedule your appointment before your deadline. Don't wait until the last minute.

Date of request_____ Inmate signature_____

## DO NOT WRITE BELOW THIS LINE

FOR OFFICE USE ONLY:        UNIT_____CELL_____

INMATE_____IDOC#_____

COPY APPT. DATE_____TIME_____

**YOU WILL BE ISSUED A PASS FOR THE ABOVE DATE. BRING THIS SLIP, YOUR LEGAL DOCUMENTS, AND YOUR COPY CARD WITH YOU TO THE APPOINTMENT.**